**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL D. MCCOMB,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)　　3:11-cr-00050-RCJ-VPC-1<br>)<br>)<br>)　　**ORDER**<br>)<br>)<br>) |

　　Judge Reed sentenced Defendant Michael D. McComb to fifteen months imprisonment, to be followed by three years of supervised release, pursuant to Defendant's plea of guilty to one count of Possession of Counterfeit Obligations of the United States, 18 U.S.C. § 472. (*See* J. 1–3, Oct. 24, 2011, ECF No. 28).  Defendant began his supervised release on November 16, 2012 and has asked the Court to terminate his supervised release early.  The Chief Judge has reassigned the case to this Court.

　　Defendant is statutorily eligible for early release of supervision:

　　　The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

　　　(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e). However, the Court has broad discretion in applying the statute, and mere compliance with the terms of supervised release is not enough in-and-of-itself to justify early termination. *See, e.g.*, *Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010) (collecting cases). Defendant indicates no circumstances indicating his early rehabilitation such that the full term of supervision found to be appropriate by the sentencing judge should not be required. Defendant has only alleged compliance with the terms of his supervised release, which terms require him, *inter alia*, not to use drugs, not to commit any crimes, and to maintain regular lawful employment and support his dependants. (*See* J. 3; Mot. 2–3, ECF No. 35). The Court finds that the conduct of the Defendant does not warrant early termination of supervised release, because Defendant has claimed no more than having complied with the terms of release. Compliance with the terms of release is the case for every defendant on supervised release up until the moment he strays. The Court finds no reason to second-guess the sentencing judge's reasoned estimation that Defendant requires three years of compliance with the terms of release to ensure his rehabilitation. The Court lauds Defendant for his compliance with the terms of his release thus far. But that much is expected of him. It is not a circumstance tending to prove that a lesser period of rehabilitation is required than that determined by the sentencing judge. The interests of justice are best served by ensuring Defendant complies with the terms of his release for the length of time the sentencing judge estimated was necessary to ensure his rehabilitation.

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Early Termination of Supervised Release (ECF No. 35) and the Motion for Hearing (ECF No. 33) are DENIED.

IT IS SO ORDERED.

Dated:  This 16th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge